UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES E. BROWN,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUION,
    Respondent.

Case No. 1:19-cv-658

Bertelsman, J.
Bowman, M.J.

REPORT AND
RECOMMENDATION

    Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 convictions in the Scioto County, Ohio state court in Case No. 13-cr-219. (*See* Doc. 1). In the petition, petitioner raises two grounds for relief. In Ground One petitioner claims that he was denied his right to a speedy trial. In Ground Two petitioner claims that his constitutional rights were violated by the trial court's failure to grant his motion to suppress. (*See id.*).

    The petition is duplicative of a habeas corpus action initiated by petitioner which is currently pending in this Court. In *Brown v. Warden*, Case No. 1:17-cv-583 (Barrett, J.; Litkovitz, M.J.) (S.D. Ohio Sept. 5, 2017), petitioner filed a petition also challenging his Scioto County, Ohio convictions and raising the same two grounds for relief. On August 20, 2018, the petition was administratively stayed pending petitioner's exhaustion of his Ohio remedies. Petitioner has since filed a motion to reinstate the case to the Court's active docket in that case, which was granted by Order issued on June 25, 2019. Petitioner has also filed a motion to amend, which is currently pending in that action.[1]

---

[1] It is possible that the petition docketed in this action was intended by petitioner to be the amended petition in Case No. 1:17-cv-583. As noted by the Court in that case, petitioner did not submit a proposed amended complaint with his motion to amend. By Order issued August 15, 2019, petitioner was ordered to submit a copy of his proposed amended petition to the Court within twenty-one days. (*See* Doc. 17).

Accordingly, the duplicative habeas petition filed in this case should be dismissed. If petitioner wishes to pursue the grounds for relief presented in both petitions, he should do so in the earlier filed and recently reinstated habeas action in Case No. 17-cv-583.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's duplicative petition for a writ of habeas corpus **DISMISSED**.

2. A certificate of appealability should not issue with respect any Order adopting this Report and Recommendation to dismiss the instant habeas corpus petition on the procedural ground of duplicativeness. Under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the duplicative petition. *See Slack,* 529 U.S. at 484.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JAMES E. BROWN,<br>     Petitioner,<br><br>          vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUION,<br>     Respondent. | Case No. 1:19-cv-658<br><br>Bertelsman, J.<br>Bowman, M.J. |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).